FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
12/15/2015 1:33:15 PM
LISA MATZ
Clerk

**CAUSE NUMBER: F1233559; F1233560; F1233561**

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 292nd CRIMINAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| ANDREW PETE | § | DALLAS COUNTY, TEXAS |

## NOTICE OF APPEAL

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ANDREW PETE, the Defendant in the above referenced cause(s) by and through his attorney of record, Scottie D. Allen, and that he here and now in open Court gives Notice of Appeal to the Texas Court of Appeals for the Fifth Supreme Judicial District of Texas at Dallas, Texas.

Specifically, Defendant appeals the Order dated December 4, 2015, wherein this Court denied his Writ of Habeas Corpus and Motion for Bond Reinstatement in the above referenced causes.

Further, this Defendant would respectfully request an abatement of any further proceedings until this matter is decided by the Texas Court of Appeals.

Respectfully submitted,
THE ALLEN LAW FIRM

_____
Scottie D. Allen
4144 N. Central Expressway
Suite 650
Dallas, Texas 75204
Telephone: (214) 824-7711
Facsimile: (214) 824-7714
SBN: 01058020
**ATTORNEY FOR DEFENDANT**

_____
Defendant, Andrew Pete

CAUSE NUMBER: F-1233559; F-1233561; and F-1233560

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 292nd CRIMINAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| ANDREW PETE | § | DALLAS COUNTY, TEXAS |

FILED
2015 DEC -4 PM 4 25
FELICIA PITRE
DISTRICT CLERK
DALLAS, TEXAS
DEPUTY

## WRIT OF HABEAS CORPUS AND MOTION TO REINSTATE BOND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ANDREW PETE, hereinafter referred to as Defendant, by and through his attorney of record, Scottie D. Allen, and makes this Writ of Habeas Corpus and Motion for Bond Reinstatement and would show:

I.

That Defendant is illegally restrained and confined of his liberty by the Sheriff of Dallas County in the Lew Sterrett Justice Center in Dallas, Texas.

II.

The Defendant is charged with three (3) offenses of Aggravated Sexual Assault, alleged to have been committed in this county. The court granted a mistrial, post-verdict, during the sentencing phase of the trial. Defendant's bond was revoked after having been found guilty; however, Defendant now makes this Writ contending the Court lacked the authority to order a mistrial as to punishment only therein requiring the Court to reinstate Defendant's bond.

III.

On April 22, 2015, the Court held a jury trial on the above entitled cause(s). On April 27, 2015, a jury found Defendant guilty on all three (3) causes and

proceeded to punishment; however, during sentencing the Court declared a mistrial "as to punishment only".

Defendant contends the Court lacked authority to grant a mistrial as to punishment only. *See State v. Boyd*, 202 S.W.3d 393 (Tex. App. – Dallas. Feb. 2007); *State of Texas v. Bounhiza*, 294 S.W.3d 780 (Tex.App.- Austin, August 20, 2009); *State v. Doyle*, 140 S.W.3d 890 (Tex.App.-Corpus Christi-Edinburg, July 22, 2004; and *State v. Huseman*, 17 S.W.3d 704 (Tex.App. – Amarillo, 1999) holding a Trial court's order granting defendant's oral motion for mistrial, after jury had returned guilty verdict, but before punishment phase of trial of trial had begun, restored case to its original posture before trial had commenced. Accordingly, the mistrial granted during this sentencing phase restored the case to its original posture.

The Court has referenced *State v. Stewart*, 282 S.W.3d 729, (Tex.App.-Austin, April 15, 2009) as their authority; however, this case is not directly on point and is distinguished by another case decided four (4) months subsequent to *Stewart* out of the same Appellate District. *See State v. Bounhiza*, 294 S.W.3d 780 (Tex.App.- Austin, August 20, 2009).

In *Stewart*, a Motio for New Trial (not mistrial)was granted, as to punishment only, subsequent to sentencing having been assessed. Furthermore, in that case counsel for Defendant only petitioned for a new trial as to punishment only, so the trial court was only addressing the issue before them.

In the present case, a mistrial was granted post-verdict, but before a sentencing had been assessed, therefore a Motion for New Trial was not

necessary and a mistrial restored the case to its original posture. As previously referenced, multiple Appellate Courts have addressed post-verdict mistrials and held the trial court lacked authority to grant a mistrial as to punishment only. *See State v. Boyd*, 202 S.W.3d 393 (Tex. App. – Dallas. Feb. 2007); *State of Texas v. Bounhiza*, 294 S.W.3d 780 (Tex.App.- Austin, August 20, 2009); *State v. Doyle*, 140 S.W.3d 890 (Tex.App.-Corpus Christi-Edinburg, July 22, 2004; and *State v. Huseman*, 17 S.W.3d 704 (Tex.App. – Amarillo, 1999)

IV.

In light of the mistrial and the requirement of the return to its original posture, the bond should be reinstated and Defendant be released immediately.

V.

No previous application has been made for the issuance of a writ of habeas corpus seeking the relief requested herein.

**WHEREFORE,** Defendant respectfully requests that this Court grant this Motion, restore the case to its original posture before commencement of the trial and issue a Writ of Habeas Corpus to the said Sheriff of Dallas County, directing and commanding her to produce and have the Defendant before this Court instanter, or at such time or place to be by this Court designated, then and there to show cause, if any she may have, why Defendant should not be discharged from such illegal confinement and restraint, or that he be allowed bail; and Defendant further prays and requests that he be allowed immediate bail, conditioned that he be and appear at said hearing to there await further orders of this Court.

Respectfully submitted,

_For Scottie D. Allen / Lysette R. Rios_

SCOTTIE D. ALLEN
4144 N. Central Expressway, Suite 650
Dallas, Texas 75204
Telephone: (214) 824-7711
Facsimile: (214) 824-7714
State Bar No. 01058020
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing

**WRIT OF HABEAS CORPUS AND MOTION FOR BOND RESINTATEMENT** was

delivered to the Assistant District Attorney of Dallas County, Texas on the

4th day of _Dec._, 2015.

SCOTTIE D. ALLEN _Lysette R. Rios_

CAUSE NUMBER: F-1233559; F-1233561; and F-1233560

STATE OF TEXAS § IN THE 292nd CRIMINAL

§

VS. § DISTRICT COURT OF

§

ANDREW PETE § DALLAS COUNTY, TEXAS

## NOTICE AND ORDER OF HEARING

The above Writ of Habeas Corpus and Motion for Bond Reduction is set for

a hearing on _____ at _____ in the

292nd Judicial District Court of Dallas County, Texas.

SIGNED on this _____ day of _____, 2015.

_____
For the District Court of
Dallas County, Texas

## VERIFICATION

**BEFORE ME**, the undersigned Notary Public, on this day personally appeared Lysette R. Rios for Scottie D. Allen, Attorney for the Defendant, who being by me duly sworn on his oath deposed and said that he is the Attorney for the Defendant in the above-entitled and numbered cause; that he has read the above and foregoing Writ of Habeas Corpus and Bond Reinstatement, and that every statement contained therein is with his personal knowledge and is true and correct.

_____
LYSETTE R. RIOS

SIGNED under oath before me on the ___4th___ day of ___December___, 2015.

_____
Notary Public, State of Texas

Debra Woolen Lipscomb
Notary Public,
State of Texas
Expires: 11-12-2018

Commission Expires: ___11-12-18___

CAUSE NUMBER: F-1233559; F-1233561; and F-1233560

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 292ⁿᵈ CRIMINAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| ANDREW PETE | § | DALLAS COUNTY, TEXAS |

<u>ORDER</u>

On this _____ day of _____, 2015, came on to

be heard the Writ of Habeas Corpus and Motion for Bond Reinstatement in the

above numbered cause and same is as follows:

The court after hearing the evidence presented and arguments fro

the parties hereby orders and reduces the bond in this cause to the amount

of _____.

_____

**JUDGE PRESIDING**

6 12/667

CAUSE NUMBER: F-1233559; F-1233561; and F-1233560

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 292nd CRIMINAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| ANDREW PETE | § | DALLAS COUNTY, TEXAS |

## ORDER

On this _____4_____ day of _____December_____, 2015, came on to

be heard the Writ of Habeas Corpus and Motion for Bond Reinstatement in the

above numbered cause and same is as follows:

The court after hearing the evidence presented and arguments fro

the parties hereby orders and reduces the bond in this cause to the amount

of _____.

_____
JUDGE PRESIDING

*Motion denied.*